IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| PRINCE GEORGE JENNINGS, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. 5:21-CV-145-H-BQ |
| | § |
| UNITED STATES OF AMERICA, *et al.*, | § |
| | § |
| Defendants. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Prince George Jennings filed a Complaint seeking relief in this Court but did not pay the filing fee or submit a signed Application to Proceed *In Forma Pauperis* (IFP). The undersigned ordered Jennings to either complete a standardized form attesting to his financial condition or pay the $402.00 filing fee, and also directed him to file an amended complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure. ECF No. 5. Although Jennings has filed two Motions to Proceed IFP (ECF Nos. 9, 13), they lack sufficient specificity for the Court to evaluate his allegation of poverty, and Jennings has not cured these deficiencies despite a Court order to do so. *See* ECF No. 11. Moreover, Jennings has not pleaded sufficient facts establishing the Court's subject matter jurisdiction. ECF Nos. 1, 5, 11, 14, 15, 16.

The undersigned therefore recommends that the United States District Judge deny Jennings's Motions to Proceed IFP and dismiss this action in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. Alternatively, the undersigned recommends that Jennings's claims be dismissed without prejudice for lack of subject matter jurisdiction.

## I.     Procedural History

Jennings filed this action on July 9, 2021 (ECF No. 1) and, under *Special Order No. 3-251*, the case was automatically referred to the undersigned for further proceedings. ECF No. 2. On July 13, 2021, the Court entered an order identifying two deficiencies in Jennings's filing: "first, the Complaint does not meet the minimum pleading requirements of Federal Rule of Civil Procedure 8(a); second, Plaintiff did not pay the $402.00 filing fee or file a signed Application to Proceed" IFP. ECF No. 5, at 1. The Court directed Jennings to comply with the order within twenty-one days (i.e., August 3, 2021) and cautioned that his failure to do so could "result in a recommendation that this action be dismissed for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b)." *Id.* at 2. In response, Jennings filed a wholly inadequate, and untimely, motion to proceed IFP (ECF No. 9) and submitted no amended complaint. Among other things, the IFP motion contains the following deficiencies:

1. Reported that he is currently employed (beginning April 2019) at "Bulktransfer" but did not specify his "gross monthly pay" or otherwise list income from any source. *Id.* at 2.[1]

2. Attested that he had an "[u]nknown" amount of money in "[t]he bank." *Id.* at 3.

3. Listed his total monthly expenses as zero. *Id.* at 4–5.

Finding Jennings's motion did not supply adequate information to determine pauper status, the Court entered a second order on August 16, 2021, requiring Jennings to file a proper IFP motion "completed with specificity." ECF No. 11, at 2. The Court explained that responses "such as, he has an '[u]nknown amount of money in [t]he bank," were insufficient. *Id.* And "to the extent [Jennings] has no monthly income and no monthly expenses," the Court directed Jennings to "explain the circumstances surrounding this arrangement." *Id.* Further, the Court ordered

---

[1] Page citations to Jennings's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

Jennings, for the second time, to file an amended complaint that complied with Rule 8 and provided "specific facts against the named defendants that would invoke this Court's subject-matter jurisdiction." *Id.*

On August 27, 2021, Jennings submitted a second IFP application that contained responses almost identical to his first. ECF No. 13 (clarifying that he was employed at Bulktransfer between January and April 2019 but failing to specify his *gross monthly pay*, maintaining that he has an unspecified amount of money in "THE bank," the "Federal Reserve," and Chase, and reasserting monthly expenses of zero but failing to describe his living circumstances without any income or expenses). Jennings also submitted several amended complaints, but even his most recent filing (ECF No. 16) fails to invoke the Court's subject matter jurisdiction, despite being afforded multiple opportunities to amend. ECF Nos. 5, 11, 14, 15, 16.

## II. Discussion

### A. Jennings has not complied with Court orders and has not demonstrated that he is entitled to proceed IFP.

The Court "may authorize" a plaintiff to proceed "without prepayment of fees," i.e., *in forma pauperis*, in a civil action. 28 U.S.C. § 1915(a)(1). The decision to permit a plaintiff to proceed IFP "is based solely upon economic criteria." *Bell v. Children's Protective Servs.*, 506 F. App'x 327, 327 (5th Cir. 2013). This economic determination centers on "whether the movant can afford the costs [of filing] without undue hardship or deprivation of the necessities of life." *Id.* In evaluating an allegation of poverty, the Court may "conduct reasonable investigations" into a plaintiff's financial status. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016); *see Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (providing that examination of plaintiffs' "financial condition" involves "a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory"). "[A] trial

3

court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915." *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute*, 28 U.S.C. § 1915(b)(2), *as recognized in Thompson v. Drewry*, 138 F.3d 984, 985–86 (5th Cir. 1998).

The Court cannot properly evaluate Jennings's financial status because he has not supplied adequate information concerning monthly income and expenses. This case has been pending for almost four months, and despite the Court issuing two deficiency notices, Jennings has not provided the requisite information.[2] Moreover, Jennings has completely failed to comply with the Court's second order by failing to submit an IFP application that explained the circumstances surrounding his ability to meet his basic needs without any income or expenses. ECF No. 11. It is a "privilege to proceed at the expense of the government[, i.e., the taxpayers] and the district court has the power to ensure that this privilege is properly granted." *Lay v. Justices-Middle Dist. Ct.*, 811 F.2d 285, 286 (5th Cir. 1987). This case cannot proceed due to Jennings's failure to file a properly supported IFP motion or pay the filing fee. *See, e.g., Bekendam v. Texas*, No. 3:21-CV-577-M-BH, 2021 WL 2481890, at *1 (N.D. Tex. May 24, 2021), *R. & R. adopted by* No. 3:21-CV-577-M-BH, 2021 WL 2477709 (N.D. Tex. June 17, 2021) (recommending dismissal where plaintiff failed to comply with the court's initial notice of deficiency and did not pay the filing fee or submit an IFP application); *Coleman v. Groom*, No. 3:19-CV-1155-N-BK, 2019 WL 5069065, at *3 (N.D. Tex. Sept. 18, 2019) (recommending denial of plaintiff's IFP and dismissal of the case, where plaintiff "failed to comply with the Court's directive to provide additional financial

---

[2] The Court further observes that this is just one of seven cases Jennings has filed. *See Jennings v. U.S. Fed. Claims Ct.*, No. 5:21-cv-141-H-BQ; *Jennings v. United States of America*, No. 5:21-cv-145-H-BQ; *Jennings v. United States of America*, No. 5:21-cv-216-H-BQ; *Jennings v. Apple Corps.*, No. 5:21-cv-217-H-BQ; *Jennings v. Paramount Studio's*, No. 5:21-cv-218-H-BQ; *Jennings v. United States of America*, No. 5:21-cv-219-H-BQ. In each of the foregoing actions, Jennings has either failed to file an application to proceed IFP, or has submitted an application that contains incomplete, and seemingly inconsistent, information. *See, e.g., Jennings v. Apple Corps.*, No. 5:21-cv-217-H-BQ, ECF No. 2, at 2 (reporting that he is currently employed at "Texas T" but listing his gross monthly pay as "Not applicable").

information," despite being provided multiple opportunities), *R. & R. adopted by* 2019 WL 5068169 (N.D. Tex. Oct. 9, 2019), *appeal dismissed*, 847 F. App'x 219 (5th Cir. 2021); *Rush v. Miss. Dep't of Rehab. Disability Determination Servs.*, No. 3:19-cv-71-HSO-JCG, 2019 WL 3577704, at *5 (S.D. Miss. May 22, 2019) (finding that plaintiff's "refusal to respond forthrightly and completely to the Court's legitimate inquiry into the details of his financial situation deprives the Court of helpful information to make a proper determination and should foreclose [plaintiff] from proceeding" IFP).

Dismissal is warranted even if the statute of limitations may prevent further litigation of Jennings's claims.[3] *See Nottingham*, 837 F.3d at 441 (applying a more stringent standard for dismissals that are effectively with prejudice due to the statute of limitations, "where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice" (internal quotation marks and citation omitted)). Jennings has failed to comply with the Court's orders to provide specific financial information, despite having been afforded multiple opportunities to do so, and because he is proceeding pro se, his "recalcitrance is attributable to [him] alone." *Coleman*, 2019 WL 5069065, at *3. Moreover, "in light of Plaintiff's repeated refusals to pay the filing fee or provide the financial information sought, no lesser sanction will prompt diligent prosecution of this case." *Id.*; *see Rush*, 2019 WL 3577704, at *5 ("Even if the dismissal would effectively be a dismissal with prejudice because of an expired statute of limitations, there is a clear record of contumacious conduct by [plaintiff] that can only be attributed to him, and lesser sanctions would not serve the best interests of justice.").

---

[3] Jennings's Third Amended Complaint, the operative pleading in this case, does not cite a single statute under which he is bringing his claims, but he references "trust fraud and negligence." *See* ECF No. 16. Moreover, Jennings's Third Amended Complaint fails to comply with the Court's Rule 8 orders, thus also thwarting the Court's ability to determine proper venue. It appears, however, that proper venue (if it exists) lies within the Pecos Division of the Western District of Texas. *See* 28 U.S.C. § 1391(b) (providing where a federal civil action may be brought); § 1402 (dictating venue when the United States is a defendant); § 124(d)(6); *see also* ECF No. 1 (listing his address in Monahans, Texas, which is located in Ward County, Texas).

### B. Jennings's allegations are so wholly frivolous that they deprive the Court of subject matter jurisdiction.

Alternatively, the Court finds that Jennings has not pleaded adequate facts demonstrating that the Court possesses subject matter jurisdiction over his claims. Jennings names three Defendants: the United States of America; the Federal Claims Court; and "The Jennings Family trust." ECF No. 16, at 1. Jennings states that his "family trust can be found on birth Heirloom belonging solely to [him], while there was a tax credit given in 1983 to double [his] estate." *Id.* (cleaned up). According to Jennings, half of the trust was given to "the Government to invest via Jennings hedge funds managed by Bernie Maddoff [sic]" and the other half was divided "between family members while giving all children at the time money marketing accounts not to be touched until age nineteen . . . ." *Id.* Jennings contends, however, that the trust was "defrauded from the start" and, when he turned eighteen, he noticed that something was wrong, so he "deposited a ten thousand dollar cashiers check into the same Bank different branch, after Bank officials assured [him] the account would be left open with the same interest rate and would not close since the transaction was made within two hours." *Id.* (cleaned up). Further, Jennings alleges the following:

> Dewayne Harris would later fraudulently trick China's Arrizza corp into buying land deeds to Africa while using identity theft to act as [Jennings], while [Jennings's] family would go along with the creation of Jennings slats promising to pay them a cut of funds while Placing a block on [Jennings's] name stopping [him] from having access to trust while claiming [him] to be dead. . . . Trustees come and go acting as if [Jennings is] dead signing new fraudulent wives and kids to [his] estate every year then using Jennings slats to move money and split it while never giving [Jennings] a dime of [his, which is] guaranteed by Government contact [sic] trust or portfolio . . . .

*Id.* at 1–2. Through this action, Jennings asks the Court to order that the "Jennings family trust [be rewritten] as is [his] right as original Benifiary [sic] to said trust." *Id.* at 2.

Where "a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court." *Dilworth v. Dall. Cnty. Cmty. Coll. Dist.*, 81 F.3d 616,

6

617 (5th Cir. 1996); *see Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (providing that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"). Where a "complaint is patently insubstantial," the "court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction." *Isom v. U.S. Dep't of Homeland Sec.*, No. 4:20-CV-00948-SDJ-CAN, 2021 WL 2232052, at *2 (E.D. Tex. Apr. 28, 2021) (internal quotation marks omitted) (quoting *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016)), *R. & R. adopted by* 2021 WL 2224345 (E.D. Tex. June 2, 2021); *see Richard-Coulibaly v. Alanis*, No. 1:19-MC-11, 2019 WL 3752672, at *2 (E.D. Tex. Aug. 7, 2019) (stating that "when a plaintiff's complaint is facially frivolous and insubstantial, it is viewed as insufficient to invoke the jurisdiction of the federal courts," and that "[t]he Supreme Court has repeatedly held that the federal courts are without power to entertain claims which may otherwise be within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit"). That is, dismissal for lack of subject matter jurisdiction is appropriate "when a complaint is obviously frivolous factually." *Isom*, 2021 WL 2232052, at *2 (internal quotation marks and citation omitted). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Jennings's Third Amended Complaint is factually frivolous. Jennings's vague, sweeping references to a trust and other assets that have been fraudulently transferred, as well as his royal status, taken as a whole, are "wholly incredible," particularly given the lack of specific factual support. *See, e.g., Isom*, 2021 WL 2232052, at *2 (finding plaintiff's assertion that the government "us[ed] and allow[ed] others to use her identity for financial gain, resulting in job loss, homelessness, home break-ins, and assassination attempts . . . [constituted] truly fanciful factual

7

allegations [and] warrant[ed] dismissal" for lack of subject matter jurisdiction (internal quotation marks omitted)); *Ahrens v. City of Yorktown*, No. 16–CV–0057–RP–JCM, 2016 WL 10950459, at *3 (W.D. Tex. June 29, 2016) (recommending dismissal of plaintiff's claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), where plaintiff alleged that various governments and agencies had "brain raped her, controlled her thoughts and actions, attacked her with directed energy weapons, attempted to murder her by poisoning, sexually assaulted her with lasers, tracked her via satellite, placed cameras in her home, falsified her health records, and placed her under a secret fraudulent guardianship" (internal quotation marks omitted)), *R. & R. adopted by* 2016 WL 10950436 (W.D. Tex. July 19, 2016).

The Court has provided Jennings multiple opportunities to amend, and any additional opportunity would be futile given the Court's lack of subject matter jurisdiction. *See, e.g., Deng v. Parker*, No. 2:18-CV-61, 2018 WL 4963290, at *1 (N.D. Tex. May 1, 2018) (recommending dismissal where complaint failed to "properly invoke either federal question or diversity jurisdiction" and finding that even if the Court allowed plaintiff to amend his complaint, "the facts alleged therein are delusional and it would be futile to attempt to amend the claims"), *amended by* 2018 WL 6272460 (N.D. Tex. Oct. 22, 2018), *R. & R. adopted by* 2018 WL 6270977 (N.D. Tex. Nov. 29, 2018); *Hill v. Obama*, No. 5:11CV211, 2011 WL 6969691, at *1 (E.D. Tex. Dec. 21, 2011) ("Although the Court would ordinarily allow a pro se plaintiff to amend his complaint to properly assert jurisdictional allegations, given the fantastic and delusional allegations contained in this case, the Court finds it would be futile to allow Plaintiff to amend."), *R. & R. adopted by* 2012 WL 73106 (E.D. Tex. Jan. 10, 2012); *see also Flowers v. Acuity Brands Lighting*, No. 3:19-CV-2090-S-BK, 2019 WL 10835996, at *2 (N.D. Tex. Oct. 1, 2019) (finding that permitting pro se plaintiff "leave to amend would be futile and cause needless delay," where plaintiff's allegations

"clearly demonstrate[d] a lack of subject matter jurisdiction"), *R. & R. adopted by* 2020 WL 5983203 (N.D. Tex. Oct. 8, 2020).

### III. Recommendation

Because Jennings has not complied with Court orders and has not demonstrated he is entitled to pauper status, the undersigned recommends that the United States District Judge deny Jennings's Motions to Proceed IFP and dismiss this action without prejudice under Fed. R. Civ. P. 41(b). Alternatively, the undersigned recommends that the United States District Judge dismiss without prejudice Jennings's claims for lack of subject matter jurisdiction and deny the pending motion to proceed IFP. Finally, the undersigned recommends that the United States District Judge deny as moot Jennings's pending motion requesting appointment of counsel. ECF No. 4.

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: October 28, 2021.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE